# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 1512 | **DATE** | 6/26/2003 |
| **CASE TITLE** | CITY OF NAPERVILLE vs. COMCAST OF ILLINOIS | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Status hearing held and continued to 9/10/03 at 9:00 a.m. Enter memorandum opinion and order. City of Naperville's motion to remand is denied. Responsive pleading to be filed by 7/24/03. Rule 26 disclosures to be exchanged by 7/24/03.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUN 3 0 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 10 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | 03 JUN 27 PM 1:04 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CITY OF NAPERVILLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 03 C 1512 |
| v. ) | |
| ) | Honorable John W. Darrah |
| COMCAST OF ILLINOIS/WEST ) | |
| VIRGINIA, LLC, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, the City of Naperville ("the City"), originally filed a single-count complaint in the Circuit Court for the Eighteenth Judicial Circuit, Dupage County, Illinois, against Defendant, Comcast of Illinois/West Virginia, LLC ("Comcast"). Comcast removed the matter to this Court pursuant to 28 U.S.C. §§ 1332 and 1441 and a Stipulation of Dismissal in an earlier federal case, *City of Naperville v. Cable TV Fund 14-A*, No. 96 C 5962. The City moves, pursuant to 28 U.S.C. § 1447, to remand. For the reasons that follow, the City's Motion to Remand is denied.

## LEGAL STANDARD

In considering a motion to remand, the court's focus is limited to its authority to hear the case pursuant to the removal statute, 28 U.S.C. § 1441. *American Inmate Phone Sys. Inc. v. U.S. Sprint Communications Co.*, 787 F. Supp. 852, 854 (N.D. Ill. 1992). Whether removal was proper is determined from the record as a whole. *Kennedy v. Commercial Carriers, Inc.*, 739 F. Supp. 406, 409 (N.D. Ill. 1990). "The party seeking a federal forum has the burden of establishing jurisdiction." *Wellness Community-National v. Wellness House*, 70 F.3d 46, 49 (7th Cir. 1995). If the Court determines that it does not have jurisdiction, then it must remand the case to state court.

*Commonwealth Edison Co. v. Westinghouse Elec. Co.*, 759 F.Supp. 449, 452 (N.D. Ill. 1991).

## BACKGROUND

The record supports the following summary of the relevant facts.

The City entered into a franchise agreement with a cable company. Subsequently, Comcast succeeded to that cable company's franchise with the City. Comcast agreed, in a "Change of Control Agreement", to be bound by all the duties, commitments, and obligations contained in the City's franchise agreement with Comcast's predecessor. The franchise agreement provided, in pertinent part:

> Franchisee will continue to provide studio and office space to Naperville Community TV ("NCTV") as a part of the Franchisee's existing lease; and maintenance on NCTV's mobile production van and studio equipment all at no charge. Should Franchisee, either in its sole discretion or by other reason, move its offices from its current location to a location within 5 miles of the corporate City limits, Franchisee shall continue to provide office and studio space to NCTV free of charge at such location. Should NCTV choose not to relocate to such new location, Franchisee will be releived of the specific obligations stated in this paragraph only.
>
> If Franchisee moves its offices to a location beyond 5 miles of the corporate City limits and NCTV chooses not to relocate with Franchisee, then Franchisee agrees to compensate NCTV in the amount of the then rental value of NCTV's current office and studio space located on 5th Avenue in City for a period of 7 and one-half years or the remainder of the Franchise term, whichever is less. Any such compensation shall be payable by Franchisee in monthly installments.

(Compl. Ex. A, Franchise Agreement ¶ 9.2.)

NCTV, the City's local community access television provider, maintains its offices and studios at Comcast's West 5th Avenue offices. Comcast informed the City that it would no longer make rent payments for NCTV's studio and office space beginning January 1, 2003, and that it would no longer provide operating support for NCTV unless it could offset those charges against the franchise fees as allowed under the Cable Act, 47 U.S.C. § 542.

Pursuant to the franchise agreement, the City sent Comcast a letter, demanding that Comcast comply with paragraph 9.2 of the franchise agreement. Comcast reiterated its position that NCTV's rent would be deducted from the franchise fees.

In 2002, NCTV's rent for its studio and office space was $92,912.12. Based upon NCTV's rent for 2002, NCTV's rent for the next seven-and-one-half years will be $696,840.90.

The City filed a single-count complaint in the Circuit Court of DuPage County, seeking a declaration that Comcast breached the franchise agreement and is estopped from not paying rent to NCTV and an order that Comcast pay NCTV's rent for the next seven-and-one-half years and the City's costs. Comcast removed that action to this Court on February 28, 2003.

In the motion to remand, the City challenges the three grounds set out by Comcast in the Notice of Removal: (1) the complaint presents a claim that arises out of matters agreed to and resolved in a Stipulation of Dismissal of an earlier federal case, No. 96 C 5962; (2) the City's request for a declaratory ruling that Comcast may not offset payments in support of NCTV against the franchise fee cap is an issue of federal law that is governed by Section 622 of the Communications Act of 1934, 47 U.S.C. § 542; and (3) the Court has jurisdiction over the City's complaint under 28 U.S.C. § 1332. Because jurisdiction exists pursuant to 28 U.S.C. § 1332, the first two bases of removal are not addressed.

## DISCUSSION

Section 1441 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Section 1332 provides that "[t]he district courts shall have original

jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 ... and is between ... citizens of different States". 28 U.S.C. § 1332(a)(1).

It is clear that the amount in controversy requirement has been met. The complaint alleges that NCTV's rent for the next seven-and-one-half years will be $696,840.90. The City argues that the instant matter should be remanded because Comcast has not established that it is a citizen of a different state.

However, the City contends that, contrary to Comcast's statement that it is a Delaware corporation with its principal place of business in Philadelphia, Pennsylvania, no support for this statement has been provided. For removal to be proper, Comcast must establish that both its state of incorporation and principal place of business are in states other than Illinois. In support, the City cites *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 920 (5th Cir. 2001).

However, *Howery* is inapposite to the instant case. Comcast is a limited liability company ("LLC"). "[T]he citizenship of an LLC for purposes of the diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). Comcast is a Delaware limited liability company with only one member, Comcast Cable Holdings, LLC. Comcast Cable Holdings, LLC is a Delaware limited liability company with only one member, Comcast Cable Communications Holdings, Inc. ("CCCH"). CCCH is a Delaware corporation whose sole shareholder is Comcast Corporation. CCCH is headquartered in Philadelphia, Pennsylvania. (Def.'s Opp'n Pl.'s Mot. Remand Ex.C, Heller Decl. ¶¶ 3-8.) Comcast's members are Delaware limited liability companies and a Delaware corporation that is headquartered in Philadelphia, Pennsylvania. (Heller Decl. ¶¶ 3-8.) Under § 1332(c)(1), a corporation is a citizen of any state by which it has been incorporated and where it has its principal place of business. Under the "nerve center" test, "a

corporation has a single place of business where its executive headquarters are located." *Metro. Life Ins. Co. v. Estate of Cammon*, 929 F.2d 1220, 1223 (7th Cir. 1991). CCCH's principal place of business is in Philadephia, where its headquarters are located and where CCCH's principal executives have their offices, its board meets, and its corporate records are maintained. (*See* Heller Decl. ¶ 8.) Thus, Comcast is a citizen of Delaware and Pennsylvania. The City is an Illinois municipality. There is complete diversity of citizenship, and removal is proper on this basis. Therefore, the City's Motion to Remand is denied.

## CONCLUSION

For the reasons stated herein, the City of Naperville's Motion to Remand is denied.

**IT IS SO ORDERED.**

John W. Darrah, Judge
United States District Court

Date: June 26, 2003